954 F.2d 725
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia SMITH (widow of Lindel Smith, deceased), Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 91-3978.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 A notice of appeal has been filed in the name of Virginia Smith, the claimant for survivor's benefits in this petition for review of a decision of the Benefits Review Board (Board) denying black lung benefits. Five adult children of the claimant now move to be substituted as petitioners based on the death of the petitioner. The Director has filed a response. Although the Director does not object to substitution, a jurisdictional issue is raised which this court must examine.
 
 
 2
 The claimant died while her appeal was pending before the Benefits Review Board. Subsequently, the Board issued its decision affirming the denial of benefits. The notice of appeal purports to be on behalf of Virginia Smith. Fed.R.App.P. 43(a) provides in part that if a party dies before filing a notice of appeal, the notice may be filed by either the decedent's personal representative, or, if there is no such representative, by the decedent's attorney.
 
 
 3
 In the instant case, it was apparently the decedent's adult children, as her personal representatives, who authorized the notice of appeal. Even if this meets the Rule 43 requirements, there is no indication within the notice of appeal that the adult children are the appealing parties. This court has held that the identification of the appealing parties in the notice of appeal is a jurisdictional requirement. Minority Employees v. Tennessee, 901 F.2d 1327 (6th Cir.) (en banc), cert. denied, 111 S.Ct. 210 (1990). Therefore, this court lacks jurisdiction over the movants. This cannot now be corrected by a motion under Fed.R.App.P. 43 to substitute since the motion to substitute was made after the expiration of the appeal period. To grant the motion in this case would essentially extend the period for appeal, an act this court lacks authority to take. See Minority Employees, 901 F.2d at 1337.
 
 
 4
 There is also no indication in the notice of appeal that the decedent's attorney is the appealing party. For the reasons stated above, failure to provide such notice divests this court of jurisdiction. See id.
 
 
 5
 It is ORDERED that the motion for substitution is denied. It is further ORDERED that this appeal is dismissed sua sponte for lack of jurisdiction.